UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TYRONE NOEL NUNN,<br><br>        Plaintiff,<br><br>    v.<br><br>CERT OFFICERS OF ELY STATE PRISON, et al.,<br><br>        Defendants. | Case No.: 3:23-cv-00571-ART-CLB<br><br>**ORDER**<br><br>(ECF Nos. 1, 1-3, 1-4, 1-5, 3, 4) |

**I.**    **DISCUSSION**

    **A.**  **Application to Proceed *In Forma Pauperis***

On November 16, 2023, pro se plaintiff Tyrone Noel Nunn, an inmate in the custody of the Nevada Department of Corrections, submitted an application to proceed *in forma pauperis* together with several other documents. (ECF Nos. 1, 1-1, 1-2, 1-3, 1-4, 1-5, 1-6, 1-7, 1-8). On November 28, 2023, Plaintiff refiled the same application to proceed *in forma pauperis*. (ECF No. 4). Plaintiff's applications to proceed *in forma pauperis* are incomplete because **he submitted a financial certificate for Nevada State Court, rather than using this Court's approved form**. The Court will deny Plaintiff's applications without prejudice and give Plaintiff the opportunity to correct this deficiency **by February 9, 2024**.

The United States District Court for the District of Nevada must collect filing fees from parties initiating civil actions. 28 U.S.C. § 1914(a). The fee for filing a civil-rights action is $402, which includes the $350 filing fee and the $52 administrative fee. *See* 28 U.S.C. § 1914(b). "Any person who is unable to prepay the fees in a civil case may apply to the court for leave to proceed *in forma pauperis*." Nev. Loc. R. Prac. LSR 1-1. For an inmate to apply for *in forma pauperis* status, the inmate must submit **all three** of the following documents to the Court: (1) a completed **Application to Proceed *in Forma Pauperis* for Inmate**, which is pages 1–3 of the Court's approved form, that is properly signed by the inmate twice on page 3; (2) a completed **Financial Certificate**, which is

page 4 of the Court's approved form, that is properly signed by both the inmate and a prison or jail official; and (3) a copy of the **inmate's prison or jail trust fund account statement for the previous six-month period**. *See* 28 U.S.C. § 1915(a)(1)–(2); Nev. Loc. R. Prac. LSR 1-2. *In forma pauperis* status does not relieve an inmate of his or her obligation to pay the filing fee, it just means that the inmate can pay the fee in installments. *See* 28 U.S.C. § 1915(b).

### B. Other Filings

Plaintiff filed two civil rights complaints on this Court's approved form (ECF Nos. 1-1, 1-2) and three *ex parte* motions for appointment of counsel, each referencing different claims (ECF Nos. 1-3, 1-4, 1-5). Plaintiff also filed a summons (ECF No. 1-6), a civil rights complaint (ECF No. 1-7), and an affidavit of exhaustion of administrative remedies (ECF No. 1-8). It is not clear whether Plaintiff intended all these documents to be filed in a single action, or whether he intended to initiate several different cases. Because the Clerk of the Court received all the documents together in a single PDF, the Clerk of the Court filed them in a single case.

If Plaintiff intended all these documents to be filed together in a single case, then the Court notes that the Court will not piecemeal Plaintiff's complaint together from multiple filings. Plaintiff's operative complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit. Accordingly, the Court gives Plaintiff until **February 9, 2024**, to file a single complete first amended complaint. Plaintiff's operative complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit. If Plaintiff does not file a single complete complaint, the Court will screen the first complaint that Plaintiff has filed (ECF No. 1-1). The Court will not consider any of the allegations or claims in Plaintiff's other filings when screening the complaint.

If Plaintiff intended to file any of these documents in a different, ongoing case, the Court notes that Plaintiff must write the case number of a case on any document for that document to be filed in an ongoing case. If Plaintiff intended to initiate several different

cases with these documents, then the Court notes that Plaintiff must file a separate complaint and a separate application to proceed *in forma pauperis* for each case that he opens.

### C. Requests for Appointment of Counsel

Within his application to proceed *in forma pauperis*, Plaintiff requested that the Court appoint counsel. (ECF No. 1 at 5-6). It appears that Plaintiff is requesting that counsel be appointed specifically to assist him in filing a complete application to proceed *in forma pauperis*. (*Id.*) Plaintiff also filed three *ex parte* motions for appointment of counsel, each referencing different claims. (ECF Nos. 1-3, 1-4, 1-5). Plaintiff subsequently filed a motion for appointment of counsel in all his ongoing court cases. (ECF No. 3).

A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id*. "Neither of these considerations is dispositive and instead must be viewed together." *Id*.

The Court does not find exceptional circumstances that warrant the appointment of counsel. As to Plaintiff's request regarding appointment of counsel to assist in preparing an application to proceed *in forma pauperis*, the Court is aware that there are sometimes delays when inmates request financial certificates and trust fund account statements from NDOC officials. However, these delays are faced by all inmates and do not constitute exceptional circumstances warranting the appointment of counsel. Plaintiff does not articulate any other exceptional circumstances that would justify appointment of counsel to assist him in preparing an application to proceed *in forma pauperis*.

As to Plaintiff's other motions for appointment of counsel, it is not clear what claims Plaintiff is pursuing in this case. The Court cannot assess Plaintiff's likelihood to succeed on the merits, or his ability to articulate his claims until Plaintiff either files a single complaint or clarifies what claims he is pursuing in this case. The Court denies all of Plaintiff's requests for appointment of counsel without prejudice.

## II. CONCLUSION

It is therefore ordered that both of Plaintiff's applications to proceed *in forma pauperis* (ECF Nos. 1, 4) are denied without prejudice.

It is further ordered that all of Plaintiff's requests for appointment of counsel (ECF Nos. 1, 1-3, 1-4, 1-5, 3) are denied without prejudice.

It is further ordered that Plaintiff has **until February 9, 2024**, to either pay the full $402 filing fee or file a new fully complete application to proceed *in forma pauperis* with all three required documents: (1) a completed application with the inmate's two signatures on page 3, (2) a completed financial certificate that is signed both by the inmate and the prison or jail official, and (3) a copy of the inmate's trust fund account statement for the previous six-month period.

Plaintiff is cautioned that this action will be subject to dismissal without prejudice if Plaintiff fails to timely comply with this order. A dismissal without prejudice allows Plaintiff to refile the case with the Court, under a new case number, when Plaintiff can file a complete application to proceed *in forma pauperis* or pay the required filing fee.

The Clerk of the Court is directed to send Plaintiff Tyrone Noel Nunn the approved form application to proceed *in forma pauperis* for an inmate and instructions for the same.

It is further ordered that Plaintiff is granted leave to file a single complete first amended complaint. If Plaintiff chooses to file a first amended complaint, Plaintiff will file the first amended complaint within 30 days from the date of entry of this order. If Plaintiff does not file a first amended complaint, the Court will screen the first complaint that Plaintiff filed (ECF No. 1-1) without considering any of the allegations in Plaintiff's other filings.

The Clerk of the Court is directed to send to Plaintiff the approved form for filing a § 1983 complaint, instructions for the same, and a copy of documents that he filed to initiate this case (ECF Nos. 1-1, 1-2, 1-3, 1-4, 1-5, 1-6, 1-7, 1-8). If Plaintiff chooses to file a first amended complaint, he must use the approved form and he will write the words "First Amended" above the words "Civil Rights Complaint" in the caption.

DATED THIS __6th__ day of December 2023.

_____
UNITED STATES MAGISTRATE JUDGE